***********
The undersigned reviewed the prior Opinion and Award, based upon the record of the proceedings before Deputy Commissioner Phillips. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; and having reviewed the competent evidence of record, the Full Commission affirms the Opinion and Award of Deputy Commissioner Phillips with minor modifications.
 ***********
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All parties were properly before the North Carolina Industrial Commission, and the North Carolina Industrial Commission had jurisdiction of the parties and subject matter of this action.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of the parties.
3. That on or about July 13, 2002, the Defendant-Employer employed more than three (3) employees, and it and its employees were bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
4. An employer-employee relationship existed between the defendant-employer and the plaintiff at all relevant times herein.
5. Defendant-Employer was self insured for Worker's Compensation claims at all relevant times herein.
6. Plaintiff was employed by the Defendant-Employer at an average weekly wage to be determined by a Form 22.
7. That on or about July 13, 2002 Plaintiff alleged he sustained an accident arising out of and in the course of his employment with Defendant-Employer, said accident resulting in a right hand injury and post traumatic stress disorder.
8. The parties stipulated that the following medical records are authentic as they were maintained in the course of activity of the physicians or institutions identified:
 (a) Scott Cunningham, M.D., Family Counseling; Rocky Mount, North Carolina; 28 pages of records dated February 23, 1995 through March 18, 2003;
 (b) Wilson Medical Center; Wilson, North Carolina; five pages of records dated July 13, 2002;
 (c) William J. Craven, M.D.; Craven Neurologic, P.A.; Wilson, North Carolina; three pages of records dated November 25, 1997 through December 2, 1997;
 (d) Alfred Covington, M.D.; Carolina East Allergy, P.A.; Rocky Mount, North Carolina; 17 pages of records dated October 15, 1998 through August 7, 2001;
 (e) Wilson Immediate Care; Wilson, North Carolina; five pages of records dated August 21, 1999 through August 1, 2002;
 (f) Richard G. Michal, M.D.; Rocky Mount, North Carolina; 19 pages of records dated April 4, 2000 through May 23, 2002;
 (g) Records from Bridgestone/Firestone medical department; 32 pages of records dated October 10, 1996 through September 13, 2002;
 (h) Robert C. Martin, M.D./Physical Therapy; Carolina Regional Orthopaedics; Rocky Mount, North Carolina; 12 pages of records dated June 3, 2002 through November 25, 2002;
 (i) J. Greg Nelson, M.D.; Rocky Mount Orthopaedic 
Sports Medicine; Rocky Mount, North Carolina; 1 page of records dated August 1, 2002.
 (j) Nash General Hospital; Rocky Mount, North Carolina; 113 pages of records dated July 1, 2001 through January 9, 2003;
 (k) Duke University Medical Center; Durham, North Carolina; 53 pages of records dated January 9, 2003 through January 31, 2003; and
 (l) Duke University Medical Center; 4 pages of medical records dated February 7, 2003 through May 2, 2003.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On July 13, 2002, Plaintiff suffered a crush injury to his right hand when his hand was caught in machinery at the Bridgestone/Firestone plant in Wilson, North Carolina.
2. Defendants have accepted the injury as a compensable injury arising out of and in the course of employment.
3. Plaintiff underwent surgery at Duke University on January 13, 2003 to remove dead tissue from his right hand and repair damage to the blood vessels and nerves.
4. On January 23, 2003, Plaintiff underwent a transfer of tissue from the thigh to the hand. The procedure was performed by Dr. L. Scott Levin at Duke University.
5. Plaintiff spent several days in intensive care and suffered from severe pain, anxiety and depression.
6. Following the accident on July 13, 2002, Plaintiff had several sessions with Dr. Scott Cunningham, a psychiatrist. Dr. Cunningham treated Plaintiff in the past for depression and anxiety.
7. Dr. Cunningham saw Plaintiff on August 19, 2002. Plaintiff related the difficulty he faced at work following the incident. He was working light duty but was being harassed by co-workers who questioned whether there was any problem with his hand. Plaintiff wondered if management persuaded these workers to harass him in order to "get rid of him". Plaintiff also woke up repeatedly during the night. He had low energy, low mood, poor concentration and increased irritability.
8. On November 11, 2002, plaintiff visited Dr. Cunningham. At this time plaintiff was still on pain medication for his injured hand. Plaintiff was doing office work at BSFS but felt the management was "trying to pull my chain". During the session, plaintiff said that if he were fired, somebody would go out with him. Plaintiff also said that since his hand was hurt he is a liability. He was very concerned about getting fired or being let go from the company resulting in the loss of his seniority.
9. Plaintiff visited Dr. Cunningham on December 16, 2002. He stated that he was getting more sleep, but his appetite was variable and his mood was still low. Plaintiff was irritable and feeling violent. Dr. Cunningham asked about substance abuse and plaintiff stated that he would drink a case of beer to deal with the irritation three to four times a week.
10. During the December 16, 2002 session, plaintiff also talked about the continuing problems with his right hand. He stated that his right hand burned and he experienced a pins and needles throbbing which woke him up at times. Plaintiff also discussed the number of tests he had to go through as well as physical therapy. Dr. Cunningham prescribed Gabitril, which is a medicine to relieve nerve-type pain.
11. On March 18, 2003, plaintiff visited Dr. Cunningham following his surgery at Duke University. Plaintiff had an obviously deformed hand as a result of the surgery. He was in the hospital from January 3 to January 28. He described it as a long, slow, hard process. Plaintiff told Dr. Cunningham that he had tremendous pain and numbness in the fourth and fifth digits and inner thumb. Dr. Cunningham noted that plaintiff continued to be stressed and worried and had difficulty sleeping. Dr. Cunningham further noted that plaintiff was irritable and would get easily upset about his hand.
12. Dr. Cunningham did not diagnose plaintiff with Post Traumatic Stress Disorder (PTSD) and opined he was not in a position to recommend any treatment for PTSD. The competent evidence in the record fails to establish that plaintiff's signs of suffering pursuant to PTSD are related to his July 13, 2002 injury by accident.
13. Dr. Cunningham further opined, however, that traumatic events tend to exacerbate plaintiff's underlying and pre-existing depression and anxiety, thus plaintiff's pre-existing psychological condition was exacerbated or aggravated by his July 13, 2002 crush injury to his right hand. Dr. Cunningham further opined plaintiff would benefit and gain relief from his anxiety and depression if he received treatment to deal with the effects of the partial loss of his hand.
14. Plaintiff visited Dr. Cunningham on May 20, 2003 when he talked about having more operations to go through. He also discussed the continuing problems with his hand and expressed frustration about the inability to do things with his hand he had previously done. Dr. Cunningham noted that he was irritable and frustrated and was still drinking. At this point, Dr. Cunningham suggested he may want to look into an amputee support group to realize that life may go on despite a horrendous physical problem. The competent evidence in the record supports a finding that such treatment is necessary to facilitate recovery and rehabilitation.
15. The Full Commission finds plaintiff's complaints of pain and emotional distress to be credible.
16. The competent evidence in the record establishes that plaintiff's pre-existing psychiatric condition was exacerbated or aggravated by his July 13, 2002 crush injury to his right hand and that his treatment with Dr. Cunningham on August 19, 2002, November 11, 2002, December 16, 2002, March 18, 2003 and May 20, 2003 was necessary in order to treat plaintiff and provide relief to plaintiff. Therefore, plaintiff is entitled to have defendants pay for these five visits for medical treatment.
 ***********
Based upon the foregoing stipulations and findings of fact, the undersigned makes the following
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment on July 13, 2002 resulting in a crush injury to his right hand. N.C. Gen. Stat. §97-2(6).
2. Plaintiff's subsequent surgeries and partial loss of the use of the right hand have aggravated his pre-existing depression and anxiety. Plaintiff was treated by Dr. Cunningham for depression and anxiety which was aggravated by his July 13, 2002 injury. Such treatment was necessary to facilitate recovery and rehabilitation. Compensation will be awarded for pre-existing psychiatric problems if such problems were aggravated by the work-related injury. See Toler v. Black and Decker,134 N.C. App. 695, 518 S.E.2d 547 (1999).
3. Plaintiff is entitled to payment by defendants for any past and future psychiatric treatment, reasonably necessary to effect a cure or provide relief from the psychiatric problems related to plaintiff's compensable injury including the five visits with Dr. Cunningham from August 19, 2002 to May 20, 2003. This does not include treatment related to Post Traumatic Stress Disorder. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
 AWARD
1. Defendant shall pay for any past and future psychiatric treatment, excluding future PTSD treatment, reasonably necessary to effect a cure or provide relief from the psychiatric problems related to plaintiff's compensable injury provided or recommended by Dr. Scott Cunningham from July 13, 2002 up to the present time, including plaintiff's treatment with Dr. Cunningham on August 19, 2002, November 11, 2002, December 16, 2002, March 18, 2003 and May 20, 2003, and continuing as long as he continues to need those services.
2. Defendant shall bear the costs of this action.
This the ___ day of August, 2004.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER